UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK GOLD,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

                            /

Case No. 2:17-cv-11490

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION
TO STAY [11], GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS [17], AND REFERRING CASE TO MEDIATION**

Plaintiff Kirk Gold alleges that Defendant Ocwen Loan Servicing, LLC[1] violated the Telephone Consumer Protection Act and other related state laws. Now before the Court are Defendant's (1) motion to stay the case pending a decision in *ACA Int'l v. FCC*, Case No. 15-1211, and (2) motion to dismiss.[2] The Court has reviewed the briefs, and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will deny the motion to stay and grant in part and deny in part the motion to dismiss.

---

[1] Plaintiff originally sued Ocwen Loan Servicing, LLC and Ocwen Mortgage Servicing, Inc., but in the amended complaint Plaintiff opted to drop Ocwen Mortgage Servicing, Inc. as a defendant. *Compare* ECF 1, *with* ECF 14.

[2] Defendant filed two motions to dismiss, but only the second one is operative. After Defendants filed the first motion to dismiss, Plaintiff amended his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Consequently, the first motion is moot and the Court will consider only the second motion.

1

**BACKGROUND**

Defendant is a licensed mortgage loan servicer, and Plaintiff allegedly is a debtor. It appears Plaintiff consented to being contacted about the debt, so Defendant called him. Plaintiff answered several of the calls and allegedly asked Defendant to stop calling. Despite this alleged request, Plaintiff claims that Defendant called his cellular telephone at least 1,281 times between April 2, 2011 and March 27, 2014 using an automatic telephone dialing system or an artificial or prerecorded voice. Plaintiff waited until May 10, 2017 to bring suit.

**DISCUSSION**

I. Motion to Stay

Defendant requests to stay the case pending the resolution of *ACA Int'l v. FCC*, Case No. 15-1211 (D.C. Cir.). Defendant contends a stay is appropriate because the D.C. Circuit may overturn or narrow the FCC's definition of an automatic telephone dialing system, which is an element of a claim under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A). Defendant alleges the *ACA International* decision could therefore be dispositive.

Although there is a split in the district, the Court finds that a stay here is unwarranted. Coincidentally, there is another case in the district that was filed on the same date, against the same defendant, by the same lawyers, that raises the same claims as the present case. *See Keyes v. Ocwen Loan Servicing, LLC*, Case No. 17-cv-11492. In *Keyes*, Judge Drain found a stay is not warranted because (1) *ACA International* would not be dispositive as a D.C. Circuit decision is persuasive rather than binding, (2) the outcome and timing of the *ACA International* decision are merely speculative and delay could prejudice Plaintiff, and (3) judicial economy is not served by

staying the case. *Keyes*, 2017 WL 4918530, at *8–9 (E.D. Mich. Oct. 31, 2017). The Court is persuaded by that reasoning, and therefore, Defendant's motion to stay the case will be denied.

II.     Motion to Dismiss

The Amended Complaint alleges five counts: (I) negligent violations of the TCPA, (II) knowing or willful violations of the TCPA, (III) negligence, (IV) negligent violations of the Michigan Occupational Code, and (V) willful violations of the Michigan Occupational Code.[3] Defendant moved to dismiss all counts under Federal Rule of Civil Procedure 12(b)(6). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.,* 553 F.3d 1000, 1005 (6th Cir. 2009). For the reasons set

---

[3] In his response to Defendant's motion to dismiss, Plaintiff requested leave to amend if the Court was not going to rule in his favor. The request does not provide sufficient analysis of under what authority he seeks to amend or a justification for the amendment. Consequently, Plaintiff did not properly put Defendant or the Court on notice. And the issue is therefore not properly before the Court. See *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *see also Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (affirming denial of leave to amend complaint, which was raised in opposition to motion to dismiss).

forth below, Counts I and II survive only for calls made after May 20, 2013 and Counts III, IV, and V must be dismissed.

A. Statute of Limitations

Plaintiff's TCPA claims regarding phone calls made prior to May 10, 2013 are time barred. TCPA claims are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *see also Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 682 (6th Cir. 2013). Plaintiff contends that his claims are tolled because of the class action in *Snyder v. Ocwen Loan Servicing, LLC*, Case No. 1:14-cv-08461 (N.D. Ill.), but his argument is unpersuasive. In *American Pipe & Construction Co. v. Utah*, the Supreme Court established the doctrine for class-action tolling. 414 U.S. 538 (1974). The Supreme Court held that for federal actions, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. But in the Sixth Circuit, a plaintiff forfeits the benefit of class-action tolling by filing a separate suit before there is a decision on the motion for class certification. *Keyes*, 2017 WL 4918530, at *4 (citing *Wyser-Pratte Mgmt. Co. v. Texlon Corp.*, 413 F.3d 553 (6th Cir. 2005)). Accordingly, Plaintiff's claims did not toll and any TCPA claims arising from calls made before May 10, 2013—four years prior to Plaintiff's May 10, 2017 filing date—are time barred. The Court will dismiss those claims.

B. Remaining TCPA Claims

Plaintiff's remaining TCPA claims survive the motion to dismiss. Defendant argues that Plaintiff has not properly pled revocation of consent because (1) the alleged

4

oral requests to stop calling do not constitute revocation, and (2) Plaintiff's allegations are not specific enough to adequately state a claim. Both arguments are without merit.

Although the TCPA and Sixth Circuit are silent on revocation, courts in this district have held that prior express consent under the TCPA is revocable via an oral statement on the phone. *Keyes*, 2017 WL 4918530, at *5–6; *Currier v. PDL Recovery Grp., LLC*, Case No. 14-12179, 2017 WL 712887, at *9–10 (E.D. Mich. Feb. 23, 2017). And a plaintiff does not need to allege specific dates and times of when he orally revoked consent. *Keyes*, 2017 WL 4918530, at *6. Rather, Plaintiff's allegation that he told Defendant's agent to stop calling on multiple occasions is plausible and sufficiently specific—especially when Defendant allegedly called over a thousand times in the span of several years. *Id.*

C. Negligence Claim

Plaintiff's negligence claim will be dismissed because Defendant did not owe him a duty. To prevail on a negligence claim under Michigan law, a plaintiff must allege "(1) that a duty existed; (2) that the duty was breached; (3) causation between the breach and the injury; and (4) damages." *Cleveland Indians Baseball Co., L.P. v. N.H. Ins. Co.*, 727 F.3d 633, 638 (6th Cir. 2013). "[W]hether a duty exists is a question of law." *Id.* Because mortgage loan servicers do not owe a duty to refrain from calling a borrower, Plaintiff fails to state a claim. *Keyes*, 2017 WL 4918530, at *7.

D. Michigan Occupational Code

The Court will dismiss Plaintiff's claim under the Michigan Occupational Code because the statute does not apply to Defendant. The Michigan Occupational Code states that it does not apply to a "business that is licensed by this state under a

5

regulatory act that regulates collections activity." Mich. Comp. Laws § 339.901(b). Defendant is licensed as a mortgage servicer. ECF 17-1; *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (permitting courts to consider on a motion to dismiss materials omitted from the complaint but that are public records). Consequently, Defendant is not regulated by the Michigan Occupational Code and Plaintiff cannot state a claim.

III. Remaining Case Management

Plaintiff's only remaining claims are the alleged TCPA violations arising from calls made after May 10, 2013. Because continued litigation is likely to generate attorney's fees greater than the value of the claims, the Court will order mediation in the interest of justice, efficiency, and judicial economy. Any party that does not negotiate in good faith through the mediation process may be subject to sanctions.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Defendant's Motion to Stay [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [17] is **GRANTED IN PART AND DENIED IN PART**. The only remaining claims are the alleged TCPA violations arising from calls made after May 10, 2013.

**IT IS FURTHER ORDERED** that the parties shall participate in facilitative mediation with Judge Richard Hathaway no later than **February 9, 2018** or as otherwise set by Judge Hathaway.[4] An individual with full settlement authority from each side must attend. The parties shall **FILE** a notice stating the date of mediation no later than **December 22, 2017**. Upon the completion of mediation, the parties shall **FILE** a notice

---

[4] Judge Hathaway can be contacted at 313-530-8960 or rickjudge@yahoo.com.

stating only the date mediation was completed and whether the parties reached a settlement. If the parties reached a settlement then they shall file a stipulated order of dismissal within 21 days of the completion of mediation.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [12] and Defendant's Motion for Leave [23] are **MOOT**.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: December 12, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 12, 2017, by electronic and/or ordinary mail.

                                              s/ David Parker
                                              Case Manager